UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                                 Case No. 2:10-cr-33
                                                                   HON. R. ALLAN EDGAR

DAVID RYAN LEMON,

        Defendant.
_____/

**REPORT AND RECOMMENDATION**

On August 6, 2010, a criminal complaint was filed alleging that David Ryan Lemon had committed bank robbery, in violation of 18 U.S.C. §§ 2113(a) and 2113(d). Defendant Lemon made his first appearance before the undersigned on August 6, 2010, and on August 9, 2010, a psychological or psychiatric evaluation was ordered to determine defendant's competence to proceed. A competency hearing was held on November 19, 2010, and the Court found that defendant was competent to proceed. This finding was based on the psychological evaluation received from the Federal Detention Center at Seatac, Washington, which indicated that defendant suffered from a serious mental illness that was adequately treated with medication. Defendant was convicted of armed bank robbery by jury verdict on May 18, 2011. Sentencing was set before United States District Judge R. Allan Edgar for August 18, 2011. The undersigned received information that defendant was refusing to take his medication and, therefore, his mental condition had significantly deteriorated. A hearing was held on August 11, 2011, to determine whether or not defendant was competent to proceed with sentencing. As a result of that hearing, an order was

issued for a psychological evaluation to determine defendant's competence to proceed with sentencing.  On November 28, 2011, the Court received a psychological evaluation indicating that defendant was not competent to proceed to sentencing.  On December 15, 2011, a hearing was held and it was determined that defendant was not competent to proceed to sentencing and the issue of involuntary medication was raised.  Thereafter, the parties requested an opportunity to file briefs and on January 25, 2012, counsel for defendant filed a brief in opposition to involuntary medication. On January 30, 2012, the parties filed a stipulation with proposed order that provided:

**JOINT STIPULATION**

**NOW COMES** the Defendant, David Ryan Lemon, by and through his attorney, Assistant Federal Public Defender Paul A. Peterson; and the United States of America, by and through Donald A. Davis, United States Attorney, and Phillip J. Green, Assistant United States Attorney, and, hereby STIPULATE and AGREE that this Court may enter an order (1) directing Mr. Lemon to accept all necessary and appropriate medication, as proposed by Dr. Christina Pietz at the December 15, 2011 hearing on this matter, voluntarily, and (2) reserving the right to enter such further orders as might be necessary and appropriate should Mr. Lemon not do so within sixty days following the issuance of the order. This joint stipulation is based upon the following agreed upon facts and reasons:

1. On August 6, 2010, a *Criminal Complaint* was filed against Mr. Lemon charging him with bank robbery in violation of *18 USC §§ 2113(a)* and *2113(d)*. [Doc. Entry # 1]. Thereafter, on August 24, 2010, a single-count *Indictment* was returned by the federal grand jury, charging the same offense. [Doc. Entry # 4].

2. In the interim, concern by the Court as to the Defendant's competency resulted in the issuance of an *Order for Psychological or Psychiatric Examination* on August 9, 2010. [Doc. Entry # 4]. After the receipt of both a *Forensic Evaluation (Competency)* and a *Forensic Evaluation (Responsibility)*, both sealed, from the FDC SeaTac, on November 19, 2010, the Court conducted a hearing and determined that Mr. Lemon was competent to proceed. [Doc. Entries # 8-9]. Following the unsuccessful filing of a motion to suppress

evidence [Doc. Entries # 20, 27], trial in this matter commenced on May 17, 2011; and the following day, Mr. Lemon was convicted by a jury of the charged offense. [Doc. Entries # 39-41].

3. Shortly before the Defendant's scheduled August 18th sentencing, the Court was advised that Mr. Lemon was refusing to take his prescribed medicine; and following several hearings and meetings to review the situation [Doc. Entries # 46-51], the Court entered a new *Order for Psychological or Psychiatric Examination* on August 12, 2011. [Doc. Entry # 52].

4. Having received a sealed *Forensic Report* on November 28th from MCFP Springfield [Doc. Entry #55], the Court conducted a video-teleconference hearing on the matter of Mr. Lemon's competency and the potential for his forced involuntary medication on December 15, 2011. [Doc. Entries # 59, 61].

5. As a result of subsequent research and further consultation, and because the Defendant has already been convicted by a jury and is awaiting sentencing, the parties have jointly concluded that forced involuntary medication at this time pursuant to *Sell v. United States*, 539 US 166 (2003) is not appropriate.

6. Alternatively, the parties have jointly concluded, after having considered the analysis set forth in *United States v. Baldovinos*, 434 F3d 233 (4th Cir. 2006), that this Court should first attempt through court order to get Mr. Lemon to accept all necessary and appropriate medication, as proposed by Dr. Christina Pietz at the December 15, 2011 hearing on this matter, voluntarily, reserving the right to enter such further orders as might be necessary and appropriate – including, but not limited, to the imposition of a provisional sentence pursuant to *18 USC § 4244(d)* – should Mr. Lemon not do so within a reasonable period of time.

**WHEREFORE,** the parties respectfully jointly request that this Honorable Court enter an order (1) directing Mr. Lemon to accept all necessary and appropriate medication, as proposed by Dr. Christina Pietz at the December 15, 2011 hearing on this matter, voluntarily, and (2) reserving the right to enter such further orders as might be necessary and appropriate should Mr. Lemon not do so within sixty days following the issuance of the order.

That order was entered on February 2, 2012. Defendant continued to refuse to take his medication and his condition did not improve. Another hearing was held on April 20, 2012, with defendant and defense counsel participating by video conference.

Involuntary medication of defendant under the circumstances presented is governed by *Sell v. United States*, 539 U.S. 166 (2003). Involuntary medication is only appropriate if the government establishes by clear and convincing evidence that (1) there is the existence of an important governmental interest, (2) that involuntary medication would significantly further that governmental interest, (3) that involuntary medication is necessary to further those interests, and (4) that administration of the drugs must be medically appropriate for the individual defendant. *See United States v. Green*, 532 F.3d 538 (6th Cir. 2008).

The evidence of record establishes that defendant suffers from a serious mental illness. This mental illness has been successfully treated in the past with medication. The testimony provided to the Court suggests that administration of involuntary medication would likely return defendant to competence and that administration of this medication would be medically appropriate. Both parties, however, agree that the government cannot meet its obligation of establishing an important governmental interest mandating involuntary medication at the present time. The parties recommend, and the Court finds, that this matter is governed by 18 U.S.C. § 4244(d). That provision provides:

> **Determination and disposition.** – If, after the hearing, the court finds by a preponderance of the evidence that the defendant is presently suffering from a mental disease or defect and that he should, in lieu of being sentenced to imprisonment, be committed to a suitable facility for care or treatment, the court shall commit the defendant to the custody of the Attorney General. The Attorney

> General shall hospitalize the defendant for care or treatment in a suitable facility. Such a commitment constitutes a provisional sentence of imprisonment to the maximum term authorized by law for the offense for which the defendant was found guilty.

It is respectfully recommended that the Court find by a preponderance of the evidence that defendant is presently suffering from a mental disease or defect and that he should, in lieu of being sentenced to imprisonment, be committed to a suitable facility for care or treatment. Defendant should be committed to the custody of the Attorney General. The undersigned concludes that defendant's constitutional rights can best be served by imposition of a provisional sentence of imprisonment to the maximum term authorized by law for the offense. *See* 18 U.S.C. § 4244(d). Both parties notified the Court that a provisional sentence of 25 years should be entered in this matter. The parties have further indicated that there is no reason to return defendant to this Court for imposition of this provisional sentence as the hearings held by the undersigned satisfy any right defendant might have to appear at sentencing. This is particularly true where defendant has been found not competent to proceed to sentencing and there would be no benefit to his appearance before this Court. Accordingly, it is respectfully recommended that the Court enter an order imposing a provisional sentence of 25 years. A proposed Order is attached to this Report and Recommendation for consideration by the Court.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal.

*United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985).

                                               /s/ Timothy P. Greeley
                                              TIMOTHY P. GREELEY
                                              UNITED STATES MAGISTRATE JUDGE

Dated:   May 9, 2012